IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| vs. | * | |
| CHRISTOPHER RYAN SPICER, | * | CASE NO. 4:11-CR-01 (CDL) |
| Defendant. | * | |
| | * | |

O R D E R

Christopher Spicer appeals his six-month prison sentence imposed by the United States Magistrate Judge for violation of the federal statute that prohibits unlawful entry into a federal military installation. Based upon the testimony of two witnesses, the Magistrate Judge found that Spicer was guilty beyond a reasonable doubt of unlawful entry into the United States Army Infantry Center at Fort Benning, Georgia. Spicer appeals the Magistrate Judge's conviction and sentence, maintaining that insufficient evidence existed to support the conviction and that the sentence should be vacated because it was substantively unreasonable and the product of procedural irregularities.

I. **Sufficiency of the Evidence**

The uncontroverted evidence established that in preparation for a planned protest outside the gates of Fort Benning,

government officials closed the gates to the installation, installed an additional temporary fence topped with barbed wire beyond the permanent gate, posted signs on both gates and fences notifying the public that entry was prohibited beyond the fences, and blared a message from a loudspeaker that entry onto the base beyond the fences was prohibited.  Notwithstanding these obstacles and notifications, Spicer climbed the first temporary fence and then entered the gate onto Fort Benning property.  Spicer now argues that the government failed to prove at trial that he actually trespassed onto federal property.

On appeal, this Court may not disturb the verdict of the factfinder unless, after viewing the evidence in the light most favorable to the prosecution, no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *accord United States v. Wetherald*, 636 F.3d 1315, 1320 (11th Cir. 2011).  The evidence in this case is more than sufficient to support the Magistrate Judge's conclusion beyond a reasonable doubt that Spicer made an unlawful entry onto Fort Benning.  Accordingly, the conviction must be affirmed.

**II. Sentence**

The Court also rejects Spicer's argument that the Magistrate Judge's sentence must be vacated.  Spicer was convicted of a Class B misdemeanor.  Preliminarily, the Court

notes that the Federal Sentencing Guidelines do not apply to such offenses. U.S.S.G. § 1B1.9. Therefore, the Magistrate was only restricted by the statutory maximum of six months imprisonment. *Id.* at cmt. n.1. To the extent that Spicer contends that his six-month sentence somehow violated the Sentencing Guidelines, any such argument is unpersuasive.

Furthermore, the sentence was not substantively unreasonable. Having reviewed the record in this case, the Court finds that Spicer has failed to carry his burden of establishing that the Magistrate Judge's sentence, which was within the statutory range, was unreasonable in light of the totality of the circumstances and the sentencing factors considered under 18 U.S.C. § 3553(a). *See Gall v. United States,* 552 U.S. 38, 51 (2007); *accord United States v. Livesay,* 587 F.3d 1274, 1278 (11th Cir. 2009). Moreover, the alleged procedural irregularities complained of by Spicer were harmless, and to the extent that they constituted error (which the Court does not address), they would not authorize reversal. Accordingly, the judgment is affirmed.

IT IS SO ORDERED, this 25th day of May, 2011.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE